# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-439V
Filed: January 26, 2024

---

GAIL LINVILLE,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

---

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Mitchell Jones, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

  On March 23, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*, (the "Vaccine Act"), alleging that she suffered a shoulder injury caused by her June 1, 2017 Tdap vaccination.  (ECF No. 1.)  On August 23, 2022, judgment entered awarding petitioner damages for her injury.  (ECF No. 72.)

  On February 21, 2023, petitioner filed a motion seeking an award of attorneys' fees and costs.  (ECF No. 75.)  Petitioner seeks $70,130.85, including $59,024.20 for attorneys' fees and $11,106.65 for litigation costs incurred by counsel.  (*Id*. at 1.)  Petitioner herself personally incurred an additional $21.40 in costs.  (*Id*.)  Because petitioner was found entitled to compensation, there is no question that she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. §300aa-15(e); *see also* ECF No. 76, p. 2 (respondent agreeing the statutory requirements for an award of attorneys' fees and costs are satisfied).  Regarding the amount of that award, respondent requests that the special master exercise his discretion.  (ECF No. 76, p. 3.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Special masters need not engage in a line-by-line analysis of petitioners' fee application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 485 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521 (citations omitted.)

I have reviewed the billing records and costs in this case and find that petitioner's request for fees and costs is reasonable.  My review confirms that the fees and costs are sufficiently documented and, also, that the overall amount sought is reasonable given the nature of the case, counsel's performance, and the specific procedural history of the case.  Moreover, the requested hourly rates for counsel are consistent with what has been previously awarded.  Additionally, respondent does not object to the amount requested for an award for attorneys' fees and costs.

**Accordingly, petitioner's motion is GRANTED and petitioner is awarded $70,152.25 as follows:**

- **a lump sum of $70,130.85, representing reimbursement for attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Leah Durant, Esq., of the Law Offices of Leah V. Durant, PLLC; and**

- **a lump sum of $21.40, representing reimbursement for petitioner's personally incurred litigation costs, in the form of a check payable to petitioner.**

The Clerk of the Court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).